UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-22526-KMM

SHARON GALLIMORE,

     Plaintiff,

v.

CITY OF OPA-LOCKA,

     Defendant.

_____ /

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Defendant City of Opa-Locka's Verified Motion to Tax Costs (ECF No. 53), pursuant to Local Rule 7.3(c), Federal Rule of Civil Procedure 54(d), and 28 U.S.C. § 1920. The Motion was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law and/or to issue a Report and Recommendations regarding the Motion. (ECF No. 54). Plaintiff did not file a Response to the Motion and the time to do so has passed. Therefore, Defendant's Motion to Tax Costs is now ripe for review. Having considered the Motion, the supporting materials attached thereto, the record as a whole, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Motion (ECF No. 53) be **GRANTED, in part**, and **DENIED, in part**, as further set forth below.

1

## I.      BACKGROUND

In this action, Plaintiff alleged age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), gender and race[1] discrimination in violation of Title VII of the Civil Rights Act ("Title VII"), and retaliation under Title VII.

Plaintiff commenced this action in this Court on August 9, 2022.  (ECF No. 1).  Defendant filed a motion to dismiss, which was mooted by Plaintiff filing an Amended Complaint on January 2, 2023.  (ECF Nos. 20, 23, 24).  Defendant answered the Amended Complaint on January 17, 2023.  (ECF No. 25).  On April 14, 2023, Defendant filed a Motion for Summary Judgment, which the District Court granted on June 16, 2023, closing the case.  Defendant now moves to tax costs pursuant to Local Rule 7.3(c), Federal Rule of Civil Procedure 54(d), and 28 U.S.C. § 1920. Defendant's Motion represents that Plaintiff opposes the motion.  Plaintiff did not file a Response to the Motion.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees.  There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome.  *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007).  Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title;

---

[1] Plaintiff ultimately withdrew her race discrimination claim at her deposition, and the District Court treated the claim as withdrawn in its Order on Defendant's Motion for Summary Judgment.  (ECF No. 32-5 at 78:5–11); (ECF No. 52 at 3 n.2).

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920.

"[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. [§] 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

## III.     DISCUSSION

Defendant seeks to recover from Plaintiff costs in the amount of $2,328.75, consisting of: (1) $2,241.00 in transcription and court reporter fees; (2) $20.00 in fees for the service of a subpoena; and (3) $67.75 in disbursements for printing. In support of its request, Defendant has attached invoices evidencing the costs incurred defending the suit. (ECF No. 53-1). Defendant does not represent that it seeks post-judgment interest.

### A.     Defendant Is the Prevailing Party

As a preliminary matter, the Court finds that Defendant is the prevailing party entitled to tax costs against Plaintiff.

"A prevailing party is one in whose favor judgment is rendered and who has gained some relief." *Pediatric Nephrology Assocs. of S. Fla. v. Variety Children's Hosp.*, No. 16-24138-CIV, 2018 WL 4778456, at *2 (S.D. Fla. July 9, 2018), *report and recommendation adopted*, No. 1:16-CV-24138-UU, 2018 WL 4777166 (S.D. Fla. July 24, 2018) (citing *Head v. Medford*, 62 F.3d 351,

354 (11th Cir. 1995)); *cf. Emery v. Am. Airlines, Inc.*, 647 F. App'x 968, 973 (11th Cir. 2016) ("A defendant is a prevailing party if the plaintiff achieves none of the benefits it sought in pursuing the lawsuit."). As the Eleventh Circuit has explained:

> To be a prevailing party [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d). . . . A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims. . . . Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

*Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1321 (11th Cir. 2001) (alterations in original) (quoting *Head*, 62 F3d at 354).

In this case, the District Court granted summary judgment in favor of Defendant on all counts alleged by Plaintiff. Accordingly, Defendant is the prevailing party and entitled to an award of costs. *See Haughton v. SunTrust Bank, Inc.*, 403 F. App'x 458, 459 (11th Cir. 2010) ("The district court determined correctly that Defendant, in whose favor the court had granted summary judgment, was the prevailing party.").

**B.      Fees for Printed or Electronically Recorded Transcripts**

Defendant seeks to recover $2,241.00 in costs for printed or electronically recorded transcripts obtained in connection with five scheduled depositions. (ECF No. 53-1). Defendant seeks to recover its costs incurred in the late cancellation of Plaintiff's deposition, a cost that Defendant represents Plaintiff's counsel agreed to bear. Defendant seeks costs incurred for the non-appearance of James Dobson and John Pate for their scheduled depositions. Defendant additionally seeks the costs incurred in Plaintiff and James Dobson's depositions.

The cost of deposition transcripts is taxable under 28 U.S.C. § 1920(2) so long as the transcripts were "necessarily obtained for use in the case." *See EEOC v. W&O, Inc.*, 213 F.3d

600, 620–21 (11th Cir. 2000).  In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken.  *Id.*  Additionally, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition."  *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).

Not all deposition costs, however, are recoverable.  Miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case.  *See Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("[Section] 1920 does not authorize recovery of costs for shipment of depositions."); *Garden-Aire Vill. S. Condo. Ass'n v. QBE Ins.*, No. 10-61985-CIV, 2013 WL 12086655, at *2 (S.D. Fla. June 13, 2013).

By failing to file a Response to Defendant's Motion, Plaintiff has not disputed the necessity of any of these transcripts for use in this case.  The undersigned has reviewed the invoices associated with each deposition to determine whether Defendant may properly recover the amount requested.  To that end, I note that, while the invoices attached to Defendant's Motion evidence $2,773.44 in total costs for depositions, Defendant seeks to recover only $2,241.00.  Defendant's request for $2,241.00 excludes the fees associated with expediting transcripts or condensed transcripts provided in the submitted invoices.

Upon review of the invoices, the Court finds that Defendant may recover the full costs requested for the depositions of Plaintiff and James Dobson that occurred.  Notwithstanding the

Parties' agreement, the Court may not award however the costs incurred because of the cancellation of Plaintiff's first scheduled deposition as "[c]ancelation fees are not recoverable under § 1920." *Blanco v. Samuel*, No. 21-CV-24023, 2023 WL 4160667, at *9 (S.D. Fla. Apr. 14, 2023), *report and recommendation adopted*, No. 21-24023-CIV, 2023 WL 4160639 (S.D. Fla. June 23, 2023); *Witbart v. Mandara Spa (Hawaii), LLC*, No. 18-CV-21768, 2022 WL 1241439, at *6 (S.D. Fla. Apr. 12, 2022), *report and recommendation adopted sub nom. Witbar v. Mandara Spa (Hawaii), LLC*, No. 1:18-CV-21768, 2022 WL 1239232 (S.D. Fla. Apr. 27, 2022) ("Because cancellation fees are not recoverable under Section 1920, Defendant may not recover any witness fess for Dr. Young."); *George v. Chipotle Mexican Grill Serv. Co.*, No. 6:12-CV-845-ORL, 2014 WL 5426519, at *4 (M.D. Fla. Oct. 24, 2014) ("Cancellation fees are not listed as a recoverable cost under § 1920.").

Defendant may also recover the costs of the certificates of non-appearance for James Dobson and John Pate. "Certificates of non-appearance are taxable so long as the deposition in question was necessary." *Mid-Continent Cas. Co. v. JWN Constr., Inc.*, No. 17-80286-CV, 2019 WL 8402872, at *6 (S.D. Fla. July 29, 2019), *report and recommendation adopted*, No. 9:17-CV-80286, 2019 WL 8402871 (S.D. Fla. Dec. 5, 2019), *aff'd*, 823 F. App'x 923 (11th Cir. 2020). Plaintiff has not provided contrary evidence or argument disputing the necessity of either of these depositions.

Accordingly, the undersigned recommends that Defendant be awarded $1,781.00 in costs for printed or electronically recorded transcripts, such sum representing Defendant's request for $2,241.00 reduced by $460.00 associated with the cancellation of Plaintiff's deposition.

### C.    Fees for Service of Subpoenas

Next, Defendant seeks to recover $20.00 in fees for the service of a subpoena on Kramer

Medical Center.  (ECF No. 53-1 at 8, 9).  Defendant represents that the subpoena for records was served on Kramer Medical Center because Plaintiff sought emotional distress damages.

Under 28 U.S.C. §§ 1920 and 1921, private process server fees may be taxed so long as the taxable costs of the process server are limited to the statutory fees that § 1921(b) authorizes. *See EEOC*, 213 F.3d at 624.  Section 1921(b) states that the Attorney General shall prescribe the fees to be taxed and collected under subsection 1921(a).  "Such fees shall, to the extent practicable, reflect the actual and reasonable cost of the service provided."  28 U.S.C. § 1921(b).  Private process fees may be taxed but must not exceed the $65.00 per hour rate charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114.  *See Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation approved*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017).

Here, the invoice submitted confirms that Defendant seeks to recover costs in an amount less than the per hour rate charged by the U.S. Marshal.  *See* (ECF No. 53-1 at 9).  Accordingly, I recommend that Defendant recover $20.00 for the service of the subpoena.

### D.      Fees and Disbursement for Printing and Copying

Defendant further seeks to recover $67.75 in printing and copying costs.  Defendant has attached an invoice documenting the amount for this request from Kramer Medical Center.  (ECF No. 53-1 at 8).  Defendant represents the printing and copying costs were incurred to receive copies of Plaintiff's treatment with a mental health professional.

Under 28 U.S.C. § 1920(3), Plaintiff may recover the cost of "fees and disbursements for printing and witnesses."  Under § 1920(4) a prevailing party may tax "the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  "Photocopies are considered a taxable cost pursuant to § 1920(4) if they are necessarily obtained for use in the case."

*Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 14-60268-CV, 2015 WL 11197752, at \*7 (S.D. Fla. Dec. 29, 2015), *report and recommendation adopted*, No. 14-60268-CIV, 2016 WL 3944034 (S.D. Fla. Feb. 2, 2016) (citing *McGregor v. Bd. of Cnty. Comm'rs for Palm Beach Cnty., Fla.*, 130 F.R.D. 464, 465 (S.D. Fla. 1990)).

Defendant has attached an invoice from Kramer Medical Center identifying the amount it seeks to recover.  The invoice provides that the fee was incurred in requesting Plaintiff's medical records.  (ECF No. 53-1 at 8).  Defendant represents that these costs were necessarily incurred in this case because Plaintiff alleged emotional distress as part of her damages.  Accordingly, the Court finds that Defendant may recover the full costs requested for the printing of Plaintiff's medical records.  *See Jiminez v. E-Z Weld Grp., Inc.*, No. 20-CV-80205, 2021 WL 6137079, at \*4 (S.D. Fla. Dec. 10, 2021), *report and recommendation adopted*, No. 20-80205-CIV, 2021 WL 6134469 (S.D. Fla. Dec. 29, 2021) (awarding costs incurred in printing copies of plaintiff's medical records).

## IV.    RECOMMENDATIONS

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Defendant's Verified Motion to Tax Costs (ECF No. 53), be **GRANTED, in part**, and **DENIED, in part**, and that Defendant be awarded a total of **$1,868.75** in taxable costs, entered against Plaintiff, consisting of $1,781.00 in transcription and court reporter fees, $20.00 in fees for service of a subpoena, and $67.75 in printing costs.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations.  Failure to timely file objections will bar a *de novo* determination by the

District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

      **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 11th day of October, 2023.

                                                      _____

                                                   LAUREN F. LOUIS
                                                   UNITED STATES MAGISTRATE JUDGE

cc:      Honorable K. Michael Moore
          Counsel of Record